By the Court, Bronson, J.
This is a case of mistake by both parties—the one paying and the other receiving a bank bill supposing it to be genuine, when in truth it was counterfeit. As the bill was worthless, it did not make a good payment towards the rent, unless the plaintiff was in fault for not returning it sooner. (Markle v. Hatfield, 2 John. 455; Jones v. Hyde, 5 Taunt. 488; Young v. Adams, 6 Mass. R. 182.) And the rule is the same where, although the bill is genuine, the bank had broken before the payment was made, but the knowledge of that fact had not reached the place of payment. (Lightbody v. Ontario Bank, 11 Wend. 9, and S. C. in error, 13 id. 101. And see U. S. Bank v. Bank of Georgia, 10 Wheat. 333.)(a) In all of these cases there was an offer to return the bill immediately after discovering that it was worthless, and I think such an offer essential to the right of recovery. Pothier says, the creditor may recover in such a case, on offering to return what he has received. (1 Poth. Ob. 495, Evans’ ed.) This doctrine was cited with approbation in Markle v. Hatfield ; and the principle is a just one. Both parties have agreed that the thing should be received in payment, and although they were acting under a mistake as to the nature or value of the thing paid, yet as the debtor has acted honestly, he can only be put in the wrong by an offer to correct the error. Although the bill has no intrinsic value, it should be returned to the debtor, so as to enable him to trace out and fall back upon the person from whom he received it. And for the same reason the bill should be returned without any unnecessary delay. That %vas not done in this case.
Judgment affirmed.

 But see Bayard v. Shunk, (1 Watts & Serg. 92;) Scruggs v. Gass, (8 Yerg. 175;) Camidge v. Alenby, (6 Barn. & Cress. 373;) Young v. Adams, (6 Mass. Rep. 182, 185.)